IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

May 28, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

PROGRESSIVE NORTHERN INSURANCE      :
COMPANY                             :
6300 Wilson Mills Road              :
Mayfield Village, OH  44143         :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :        Case No.:  1:25cv33
                                    :
DAVID SHELTON TRUCKING COMPANY, INC. :
1965 Pine Creek Road                :
Swords Creek, VA  24649             :
(Tazewell County)                   :
                                    :
        and                         :
                                    :
JASON L. OSBORN                     :
516 Virginia Avenue                 :
Richlands, VA  24641                :
(Tazewell County)                   :
                                    :
        and                         :
                                    :
BUDDY MAY                           :
105 Mayapple Road                   :
Richlands, VA  24641                :
(Tazewell County)                   :
                                    :
        and                         :
                                    :
CAROL MAY                           :
105 Mayapple Road                   :
Richlands, VA  24641                :
(Tazewell County)                   :
                                    :
        Defendants.                 :

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Progressive Northern Insurance Company (hereinafter "Progressive"), by and through its attorneys, DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, pursuant to Sections 2201 and 2202 of Title 28 of the United States Code and Rule 57 of the Federal Rules of Civil Procedure, and files this Complaint for Declaratory Judgment to determine a real and justiciable controversy among the parties with respect to their rights and obligations under an insurance contract.

## I.     THE CONTROVERSY

1.     All the parties hereto are interested in having the Court resolve the issue of whether there is insurance coverage available under a commercial motor vehicle liability policy of insurance issued by Progressive to David Shelton Trucking Company, Inc. (hereinafter "Shelton Trucking") for any claims arising from an auto accident that occurred on August 23, 2023, in Tazewell County (hereinafter the "Accident"), including those claims being asserted in the lawsuits styled Buddy May v. Jason Osborn, et al., Case No. CL23-1414 and Carol May v. Jason Osborn, et al., Case No. CL23-1413, both pending in the Circuit Court of Tazewell County and each suit seeks more than $75,000 (hereinafter the "Underlying Suits").

2.     Progressive Northern Insurance Company issued Policy Number 00889640 to David Shelton Trucking Company, Inc. with motor vehicle liability limits of $2,000,000 (Two Million Dollars), combined single limits (Exhibit No. 1 – Declaration Sheet (4 pages); and Exhibit No. 2 – Policy with endorsements and amendments including an MCS-90 endorsement) (hereinafter the "Virginia Policy").

3.     Defendants have requested that Progressive provide insurance coverage and a defense under the Virginia Policy for any claims, damages, or injuries, by or against David

Shelton Trucking Company, Inc. and Jason Osborn arising out of the Accident, including but not limited to those claims being asserted in the Underlying Suits, including claims for bodily injury and damages by Buddy May and Carol May.

4.      Progressive asserts that it does not owe coverage, of any nature, under the Virginia Policy, to David Shelton Trucking Company, Inc. or its employee driver, Jason Osborn, (hereinafter, "Osborn"), for any claims by or against David Shelton Trucking Company, Inc. or Jason Osborn for any damages or injuries arising out the Accident, including those claims in the Underlying Suits.

5.      Pursuant to the terms of the Virginia Policy Progressive informed all necessary parties, by letter dated May 27, 2025, which is incorporated herein by reference, that Progressive is denying coverage under the Virginia Policy for any claims arising from the Accident and denies any duty to defend any claims made against the Virginia policy, including those in the underlying suits (Exhibit 3).

6.      This matter is ripe, and a justiciable controversy exists for resolution by this Court on the issues of insurance coverage under the terms of the Policy as set forth more fully herein.

## II.    THE PARTIES

7.      The Plaintiff, Progressive, is a corporation, organized under the laws of Wisconsin, with its principal office located in Ohio, and issued the Virginia Policy to David Shelton Trucking Company, Inc. and the Virginia policy is a Virginia contract.

8.      Defendant David Shelton Trucking Company, Inc. is a corporation, organized under the laws of Virginia, with its principal officed located in Tazewell County, Virginia, within the Abingdon Division of this Court, and is seeking coverage and a defense under the

Virginia Policy for claims by or against it arising from the Accident, including those claims being asserted in the Underlying Suits.

9.      Defendant Osborn is a resident of Richlands, Virginia (Tazwell County), within the Abingdon Division of this Court, and is seeking coverage and a defense under the Virginia Policy for claims by or against him arising from the Accident, including those claims being asserted in the Underlying Suits.

10.     Defendant Buddy May is a resident of Tazewell County, Virginia, within the Abingdon Division of this Court, and was a driver involved in the Accident with the tractor trailer owned by David Shelton Trucking Company, Inc. and operated by Jason Osborn, and is asserting a claim under the Virginia Policy for injuries, damages, and claims arising from the Accident, including those claims being asserted in his Underlying Suit.

11.     Defendant Carol May is a resident of Tazewell County, Virginia, within the Abingdon Division of this Court, and was involved in the Accident with the tractor trailer owned by David Shelton Trucking Company, Inc. and operated by Jason Osborn, and is asserting a claim under the Virginia Policy for injuries, damages, and claims arising from the Accident, including those claims being asserted in her Underlying Suit.

12.     Upon information and belief, there are no other necessary parties to this action.

### III.    JURISDICTION AND VENUE

13.     This Court has diversity jurisdiction over the parties and this action pursuant to 28 U.S.C. §1332(a)(1).  Diversity jurisdiction exists because this action is among citizens of different states and because the amount in controversy, exclusive of interests and costs, exceeds $75,000.

14.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because Defendant David Shelton Trucking Company, Inc. has its principal office in this Division (Tazewell County); Defendants Osborn, Buddy May, and Carol May reside in this Division (Tazewell County), and the underlying Accident giving rise to this controversy occurred in this Division.

15.    A justiciable controversy that is ripe for adjudication exists among the parties to this suit as to insurance coverage and duties to defend and indemnify, as claims have been made and denied under the Policy, and thus, an Article III case or controversy exists.

## IV.    THE ACCIDENT AND THE UNDERLYING SUIT

16.    Upon information and belief, on or about August 23, 2023, at approximately 11:34 am, a two-vehicle accident involving vehicles operated by Osborn and Buddy May occurred near the intersection of Route 67 (Jewell Ridge Road) and Briarpatch Road in Tazewell County, Virginia. No allegation herein is intended to be an admission binding upon Progressive or any party in any claim, suit or proceeding for any claims, injuries, or damages brought by or against any party arising out of the Accident.

17.    On or about April 15, 2024 , Buddy May filed suit against Osborn and David Shelton Trucking Company, Inc. in the Circuit Court of Tazewell County, Buddy R. May v. Jason Lee Osborn, et al, Case No. CL24000615-00, seeking $5,000,000 (Five Million Dollars) in compensatory damages and $350,000 (Three Hundred Fifty Thousand Dollars) in punitive damages (Exhibit 4).

18.    On or about April 15, 2024 , Carol May filed suit against Osborn and David Shelton Trucking Company, Inc. in the Circuit Court of Tazewell County, Carol L. May v. Jason Lee Osborn, et al, Case No. CL24000616-00, seeking $10,000,000 (Ten Million Dollars)

in compensatory damages and $350,000 (Three Hundred Fifty Thousand Dollars) in punitive damages (Exhibit 5).

19.    Buddy May and Carol May further allege that Osborn was negligent in the operation of the 1995 Peterbilt 379 and his negligence was a proximate cause of a collision with a vehicle being driven by Buddy May, with Carol May as a passenger, and the Mays suffered bodily injuries and damages as a result.  The Mays also alleges that at the time of the Accident, Osborn was an employee/agent of David Shelton Trucking Company, Inc., acting within the scope of his employment/agency.  The Mays seek compensatory damages and punitive damages separately, in the underlying suits, in amounts in excess of $75,000.

20.    The trip the 1995 Peterbilt 379 was on at the time of the accident was entirely intrastate, originating in Virginia with an intended final destination in Virginia, and did not leave Virginia.

21.    In the Underlying Suits, the Mays claim that at the time of the Accident, Osborn was driving a vehicle owned by David Shelton Trucking Company, Inc.  Upon information and belief, that vehicle was a 1995 Peterbilt 379 (VIN#1XP5DR8X15N383502) with Virginia license plate number YA62901 (hereinafter, "1995 Peterbilt").

V.    **VEHICLES AND DRIVERS LISTED ON THE VIRGINIA POLICY**

22.    The 1995 Peterbilt 379 operated by Osborn and involved in the Accident is not a covered auto under the Virginia Policy.

23.    The 1995 Peterbilt 379 operated by Osborn and involved in the Accident was never requested to be listed as a covered auto under the Virginia Policy, and was not a listed vehicle under the Virginia policy.  (See Ex. #1 – declarations sheet P. 3).

24.     The only covered auto or insured auto listed on the Virginia Policy is a 1979 PTRB 379 (VIN #1XP5D88X9VN434143) (See Ex. #1 – declarations sheet P. 3).

25.     None of the vehicles listed on the Policy were out of service on the date of the Accident.

26.     The 1995 Peterbilt 379 was not a temporary substitute vehicle for any of the vehicles listed on the Policy on the date of the accident.

27.     The 1995 Peterbilt 379 was not a vehicle newly acquired by David Shelton Trucking Company, Inc. on the date of the accident.

28.     The 1995 Peterbilt 379 was owned by David Shelton Trucking Company, Inc. since October 2022.

29.     The 1995 Peterbilt 379 was not a vehicle leased by David Shelton Trucking Company, Inc. at any time.

30.     The 1995 Peterbilt 379 was not a vehicle borrowed by David Shelton Trucking Company, Inc. at any time.

31.     The 1995 Peterbilt 379 was not a vehicle hired by David Shelton Trucking Company, Inc. at any time.

32.     Osborn was not listed as a driver on the Virginia policy. (See Ex. 1 – declarations sheet – P.2).

## VI.     RELEVANT LANGUAGE FROM THE VIRGINIA POLICY

33.     The relevant language from the Virginia policy includes:

## A) **FORM 6912 (02/19) (19 PAGES)**

GENERAL DEFINITIONS - (Page 2)

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

6. "**Insured auto**" or "**your insured auto**" means: (Page 3)

a. Any **auto** specifically described on the **declarations page**; or

b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii) **we** insure all **autos** owned by **you** that are used in **your** business;

(iii) no other insurance policy provides coverage for that **auto**; and

(iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge a premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I - Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II - Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:

(i) a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or

(ii) any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

c. Any replacement **auto** on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

(iii) no other insurance policy provides coverage for that **auto.**

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits, or make any other changes to **your** policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes.

17. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a relative, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws. (Page 5)

## PART I - LIABILITY TO OTHERS - (PAGE 5)

### INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY** (Page 5-6)

A. When used in Part I - Liability To Others, **insured** means:

1. **You** with respect to an **insured auto.**

2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:

(a) Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.

(b) Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).

(c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

(d) The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B. When used in Part I - Liability To Others, **insured auto** also includes:

* * *

3. Any **temporary substitute auto**;

* * *

## LIMIT OF LIABILITY *(Page 10)*

We will pay no more than the Limit of Liability shown on the declarations page for this coverage for the insured auto involved in the accident regardless of:

1.  The number of premiums paid;
2.  The number of insured autos or trailers shown on the declarations page;
3.  The number of policies issued by us;
4.  The number of vehicles or insureds involved in an accident; or
5.  The number of claims or lawsuits arising out of an accident.

### 1. *Coverage Required by Filings (Page 10)*

*If **we** have filed a certificate of insurance on **your** behalf with any regulatory or governmental agency, and:*

*(i) **we** are required to pay any judgment entered against **you**; or*

*(ii) **we** agree to settle a claim or lawsuit;*

*for **bodily injury, property damage,** or **covered pollution cost or expense** arising out of an **accident** or **loss** otherwise not covered under the terms of this policy solely because of such certificate of insurance, **we** will be obligated to pay no more than the minimum amount required by that agency or applicable law. If any payment is based solely on such certificate, **you** must reimburse **us** in full for **our** payment, including legal fees and costs **we** incurred, whether the payment is made as a result of judgment or settlement.*

### 2. Combined Bodily Injury and Property Damage Limits *(Page 14)*

Subject to the terms of Section 1 above, if your declarations page indicates that combined bodily injury and property damage limits apply for "each accident" or "combined single limit" applies, the most we will pay for the aggregate of all damages and covered pollution cost or expense combined, resulting from any one accident, is the combined liability insurance limit shown on the declarations page for the insured auto involved in the accident.

<u>**GENERAL PROVISIONS**</u> **(P. 16)**

### 2. Policy Changes *(Page 16)*

This policy, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, as amended, and endorsements to this policy issued by **us** contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

The premium for this policy is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and **you** will notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust **your** premium during the policy period, or take other appropriate action. Changes that may result in a premium adjustment include, but are not limited to, changes in:

a. the number, type, or use classification of **insured autos**;

b. operators using **insured autos**, their ages, driving histories, license status, state or country of license issuance, or marital status;

c. the place of principal garaging of any **insured auto**;

d. coverage, deductibles, or limits of liability; or

e. rating territory or discount eligibility.

If **you** ask **us** to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time **you** ask **us** to delete it.

Nothing contained in this section will limit **our** right to void this policy for fraud, misrepresentation or concealment of any material fact by **you**, or anyone acting on **your** behalf.

3) Other Insurance (P. 17)

a. For any insured auto that is specifically described on the declarations page, this policy provides primary coverage.  For an insured auto which is not specifically described on the declarations page, coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess, or contingent.  However, if the insured auto that is specifically described on the declarations page is a trailer, this policy will be excess over any and all other valid and collectible insurance, whether primary, excess, or contingent, unless a trailer is attached to an insured auto that is a power unit you own and that is specifically described on the declarations page.

b. If coverage under more than one policy applies on the same basis, either excess or primary, we will pay only our proportionate share.  Our proportionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

4. **Two or More Policies Issued By Us**  *(Page 17)*

If any applicable insurance other than this policy is issued to **you** by **us**, or any company affiliated with **us**, and applies to the same **accident** or **loss**, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.  **PART I - LIABILITY TO OTHERS**

**(ENDORSEMENT FORM 4881 VA (02/19) "VIRGINIA AMENDATORY ENDORSEMENT"**

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY (PAGE 1)**

The Additional Definition of **"Insured"** is deleted and replaced by the following:

A. When used in Part I - Liability To Others, **insured** means:

1. **You** with respect to an **insured auto**.

2. Any person while using, with **your** permission, an **insured auto you** own, hire, or borrow except:

(a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application. However, if the business does not have valid or collectible insurance, **we** shall provide coverage under Part I - Liability To Others to the minimum limits required by Section 46.2-472 of the Code of Virginia.

(b) A person, other than one of **your** employees, partners (if you are a partnership), members (if you are a limited liability company), officers or directors (if you are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto**.

(c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

**GENERAL PROVISIONS (FORM 4881 – PAGE 3).**

**2. Policy Changes**

The first paragraph is deleted and replaced by the following:

This policy, the **declarations page**, as amended, and endorsements to this policy issued by **us** contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

\* \* \*

    B)    (ENDORSEMENT FORM MC1632 – 06/04) – "FORM F"

## FORM F

**UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT**

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance has been filed with the State Commissions indicated below.

3. This endorsement may not be cancelled without cancellation of the policy to which it is attached. Such cancellation may be effected by the company or the insured giving thirty (30) days notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days notice to commence to run from the date the notice is actually received in the office of such Commission.

Attached to and forming part of policy No. CA 00889640 issued by Progressive Northern Insurance Co, herein called Company, of PO BOX 94739, CLEVELAND, OH 44101 to DAVID SHELTON TRUCKING COMPANY INC of P O BOX 434, RICHLANDS, VA 24641-0000

Dated at   MAYFIELD VILLAGE, OH 44143                                    this  11 th     day of  July, 2023

Countersigned by

_Authorized Representative_

Countersigned by _____
_____
Authorized Representative

| X - - INDICATES STATE COMMISSIONS WITH WHOM UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE HAS BEEN FILED | | | | | | | |
|---|---|---|---|---|---|---|---|
| ALABAMA | | ILLINOIS | | MONTANA | | RHODE ISLAND | |
| ALASKA | | INDIANA | | NEBRASKA | | SOUTH CAROLINA | |
| ARIZONA | | IOWA | | NEVADA | | SOUTH DAKOTA | |
| ARKANSAS | | KANSAS | | NEW HAMPSHIRE | | TENNESSEE | |
| CALIFORNIA | | KENTUCKY | | NEW JERSEY | | TEXAS | |
| COLORADO | | LOUISIANA | | NEW MEXICO | | UTAH | |
| CONNECTICUT | | MAINE | | NEW YORK | | VERMONT | |
| DELAWARE | | MARYLAND | | NORTH CAROLINA | | VIRGINIA | X |
| DISTRICT OF COLUMBIA | | MASSACHUSETTS | | NORTH DAKOTA | | WASHINGTON | |
| FLORIDA | | MICHIGAN | | OHIO | | WEST VIRGINIA | X |
| GEORGIA | | MINNESOTA | | OKLAHOMA | | WISCONSIN | |
| HAWAII | | MISSISSIPPI | | OREGON | | WYOMING | |
| IDAHO | | MISSOURI | | PENNSYLVANIA | | | |

MC1532 (Ed. 04-04)                                                                 IRB 1536 A

\* \* \*

## C) ENDORSEMENT FORM MCS90 (99/99) "MCS-90"

## FORM MCS-90

## ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

Please note, the expiration date as stated on this form relates to the process for renewing the Information Collection Request for this form with the Office of Management and Budget. This requirement to collect information as requested on this form does not expire. For questions, please contact the Office of Registration and Safety Information, Registration, Licensing, and Insurance Division.

A Federal Agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. The OMB Control Number for this information collection is 2126-0008. Public reporting for this collection of information is estimated to be approximately 2 minutes per response, including the time for reviewing instructions, gathering the data needed, and completing and reviewing the collection of information. All responses to this collection of information are mandatory. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: Information Collection Clearance Officer, Federal Motor Carrier Safety Administration, MC-RRA, Washington, D.C. 20590.

**U.S. Department
of Transportation**
Federal Motor Carrier
Safety Administration

OMB No: 2126-0008
Expiration: 05/31/2024
Form MCS-90 Revised 06/03/2021

USDOT Number: 3306334                Date Received:

### FORM MCS-90
### ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
### UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

Issued to DAVID SHELTON TRUCKING COMPANY INC

(Motor Carrier name)

of P O BOX 434 RICHLANDS, VA 24641-0000

(Motor Carrier state or province)

Dated at 06:14 AM on this 11th day of July, 2023
Amending Policy Number: CA 00889640 Effective Date: 07/11/2023
Name of Insurance Company: Progressive Northern Insurance Co

Countersigned by:

(Authorized company representative)

The policy to which this endorsement is attached provides primary or excess insurance, as indicated for the limits shown (check only one):

[X]  This insurance is primary and the company shall not be liable for amounts in excess of $750,000 for each accident.

[ ]  This insurance is excess and the company shall not be liable for amounts in excess of $_____ for each accident in excess of the underlying limit of $_____ for each accident.

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is: 1-800-444-4487.

Cancellation of this endorsement may be effected by the company of the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington, D.C.).

**Filings must be transmitted online via the Internet at http://www.fmcsa.dot.gov/urs**

### DEFINITIONS AS USED IN THIS ENDORSEMENT

**ACCIDENT** includes continuous or repeated exposure to conditions or which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

**MOTOR VEHICLE** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

**BODILY INJURY** means injury to the body, sickness, or disease to any person, including death resulting from any of these.

**PROPERTY DAMAGE** means damage to or loss of use of tangible property.

**ENVIRONMENTAL RESTORATION** means restitution for the loss, damage, or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish, and wildlife.

**PUBLIC LIABILITY** means liability for bodily injury, property damage, and environmental restoration.

Form MCS-90

Continued

Page 1 of 2

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon,

or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

## SCHEDULE OF LIMITS - PUBLIC LIABILITY

| Type of Carriage | Commodity Transported | January 1, 1985 |
|---|---|---|
| (1) For-hire (in interstate or foreign commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Property (nonhazardous) | $750,000 |
| (2) For-hire and Private (in interstate, foreign, or intrastate commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Hazardous substances, as defined in 49 CFR 171.8, transported in cargo tanks, portable tanks, or hopper-type vehicles with capacities in excess of 3,500 water gallons; or in bulk Division 1.1, 1.2, and 1.3 materials, Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; in bulk Division 2.1 or 2.2; or highway route controlled quantities of a Class 7 material, as defined in 49 CFR 173.403. | $5,000,000 |
| (3) For-hire and Private (in interstate or foreign commerce, in any quantity; or in intrastate commerce, in bulk only; with a gross vehicle weight rating of 10,000 or more pounds). | Oil listed in 49 CFR 172.101; hazardous waste, hazardous materials, and hazardous substances defined in 49 CFR 171.8 and listed in 49 CFR 172.101, but not mentioned in (2) above or (4) below. | $1,000,000 |
| (4) For-hire and Private (in interstate or foreign commerce, with a gross vehicle weight rating of less than 10,000 pounds). | Any quantity of Division 1.1, 1.2 or 1.3 material; any quantity of a Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; or highway route controlled quantities of a Class 7 material as defined in 49 CFR 173.403. | $5,000,000 |

* The schedule of limits shown does not provide coverage. The limits shown in the schedule are for information purposes only.

## VII.   VEHICLES AND DRIVERS ON THE WEST VIRGINIA POLICY

34.     That at all relevant times, including on the day of the August 23, 2023 accident,

the subject 1995 Peterbilt was a listed vehicle on the West Virginia policy number 971813534

(hereinafter "West Virginia Policy") issued by Progressive Classic Insurance Company to David

Shelton Trucking Company, Inc. with motor vehicle liability limits of $1,000,000 combined

single limits (One Million and 00/100 Dollars) (Ex. 6 – declarations sheet and 7 - policy).

35.     That Progressive is defending David Shelton Trucking Company, Inc. and Osborn

in the underlying suits pursuant to the terms of the West Virginia policy.

36.     That Progressive has not issued any reservation of rights as to a duty to defend or

as to coverage under the West Virginia policy.

## VIII.   MCS-90 ENDORSEMENT (VIRGINIA POLICY)

37.     The MCS-90 endorsement attached to the Virginia policy ("Virginia MCS-90) has

a primary purpose to assure that members of the public are able to obtain judgment from

negligent authorized interstate carriers, particularly where there is not insurance coverage

available in an amount that meets the federally mandated financial minimum responsibility limits

(i.e. $750,000) – Sections 29 and 30 of the Motor Carrier Act of 1950).

38.     That the subject MCS-90 attached to the Progressive Virginia policy, inter alia,

does not operate to trigger Progressive's duty to make payments under the Virginia policy as a

surety, if a judgment is obtained against David Shelton Trucking Company, Inc. or Osborn

arising out of the subject accident, including in the underlying suits.

39.     That federal law, including Title 49 Section 3879, requires that a motor carrier

operating in interstate commerce, not carrying hazardous materials, and with a gross vehicle

weight in excess of 10,001 pounds, must have a minimum level of financial responsibility of at least $750,000.

40.    That the West Virginia policy (Ex. #6 and #7) issued by Progressive Classic Insurance Company provided motor vehicle liability insurance for the subject 1995 Peterbilt 379 tractor which was in effect at the time of the subject accident of August 23, 2023 in the amount of $1,000,000.

41.    That the West Virginia Policy (Ex. #6 and #7) contained "Form F" (Ex. 7g) (endorsement MC 1632 Ed. 06-04) which certified to the West Virginia State Commission that the subject policy had liability limits in compliance with the minimum financial responsibility requirements, namely limits of $1,000,000 combined single limits.

## IX.    OTHER

42.    That the 1995 Peterbilt 379 operated by Osborn at the time and place of the Accident is not an insured vehicle or covered auto under the Virginia Policy.

43.    That David Shelton Trucking Company, Inc. does not meet the definition of an insured under the Virginia Policy.

44.    That Osborn does not meet the definition of an insured under the Virginia Policy.

45.    That Progressive does not owe any insurance coverage, of any nature, under the Virginia Policy for any claims by or against David Shelton Trucking Company, Inc. arising out of the Accident.

46.    That Progressive does not owe any duty, including no duty as a surety, nor duty to defend, under the Virginia Policy to David Shelton Trucking Company, Inc. from any claim of any nature arising out of the Accident.

47.     That Progressive does not owe any insurance coverage, of any nature, under the Virginia Policy for any claims by or against Osborn arising out of the Accident.

48.     That Progressive does not owe any duty, including no duty as a surety, nor duty to defend, under the Virginia Policy to defend Osborn from any claim of any nature arising out of the Accident.

49.     That Progressive does not owe any insurance coverage, of any nature, under the Virginia Policy, to or on behalf of any person or entity for any claims or damages arising out of the Accident.

50.     That Progressive does not owe a duty under the Virginia Policy to defend any person or entity from any claims or damages of any nature arising out of the Accident.

## X.     **RELIEF SOUGHT**

51.     WHEREFORE, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, prays that the parties be convened and that this Court determine the rights and obligations of the various parties, one to the other, with respect to the matters alleged herein, and specifically that this Court determine, adjudge, and order and declare:

A.     That under the terms and provisions of Progressive Northern Insurance Company Policy Number 00889640, and its endorsements (the Virginia Policy, Ex. 1 and 2), Progressive does not owe motor vehicle liability coverage on behalf of Defendant David Shelton Trucking Company, Inc. or Jason Osborn, for any claims by or against Defendant David Shelton Trucking Company, Inc., or Jason Osborn, for damages or injuries arising out the Accident.

B.     That under the terms and provisions of the Progressive Northern Insurance Company Policy Number 00889640 (Virginia Policy, Ex. 1 and 2), Progressive does not owe any duty to make payments, as a surety, under the Virginia MCS-90 endorsement, should there be a

judgment by person or entity, for any damages of any nature, against David Shelton Trucking

Company, Inc. or Jason Osborn, arising out of, or resulting from, the subject accident of

August 23, 2023.

        C.     That under the terms and provisions of Progressive Northern Insurance

Policy Number 00889640 and its endorsement that Progressive Northern Insurance Company

does not owe any duty to defend Defendant David Shelton Trucking Company, Inc. or Jason

Osborn in the underlying suits, or any other suit that may be brought against them arising out of

the subject accident.

        D.     Any and all other relief that this Court may deem appropriate, including

costs and reasonable attorney's fees, if applicable.

        PROGRESSIVE NORTHERN INSURANCE COMPANY

        By Counsel:

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP


   /s/ Charles E. Gallagher, Jr.
Charles E. Gallagher, Jr., #28524
3050 Chain Bridge Rd., Ste. 300
Fairfax, VA 22030
(703) 539-8012 – Phone
(703) 352-1256 – Fax
cgallagher@decarodoran.com



   /s/ Steven C. Bergeron
Steven C. Bergeron, #39056
3050 Chain Bridge Rd., Ste. 300
Fairfax, VA 22030
(703) 539-8071 – Phone
(703) 352-1256 – Fax
sbergeron@decarodoran.com